# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HUEY G. CLARK** | **CIVIL ACTION** |
| **VERSUS** | **NO.** 23-cv-1611 |
| **NICHOLAS DOWDLE, individually and in his official capacity as a Lousisana State Trooper; LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, OFFICE OF STATE POLICE; JOHN DOE #1; JOHN DOE #2; and JOHN DOE #3, individually and their official capacity as duly sworn officers with Jefferson Parish Sheriff's Office; and JOSEPH P. LOPINTO III in his official capacity as Sheriff of Jefferson Parish only.** | **JURY TRIAL DEMANDED** |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff Huey G. Clark, who respectfully submits the following Complaint for Damages, and avers as follows:

### JURISDICTION AND VENUE

1. Plaintiff's claim arises under the Constitution and the laws of the United States. This Court has jurisdiction over Plaintiff's claims of federal rights violations, enforceable under the Fourteenth Amendment and 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1331, 1343(a)(3). This Court has jurisdiction over Plaintiff's state law claims in accordance with 28 U.S.C. § 1367.

2. The venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(2). A substantial part of the events giving rise to the claim occurred in Jefferson Parish, Louisiana situated in the Eastern District of Louisiana.

## PARTIES

*Plaintiff*

3. Plaintiff **Huey G. Clark** is of suitable age and capacity to file this suit. Plaintiff is a resident of Jefferson Parish, Louisiana.

*Defendants*

4. Defendant **Nicholas Dowdle** ("Dowdle"), a person of the age of majority, who at all relevant times was a Trooper with the Louisiana State Police (Troop B) ("LSP"). He is sued in his individual capacity.

5. Upon information and belief Defendant **John Doe #1**, **John Doe #2** and **John Doe #3** (collectively "John Does") persons of the age of majority, who at all relevant times were correctional deputies and employees of the Jefferson Parish Sheriff Office ("JPSO"). Upon identification, they will be sued in their individual capacity.

6. Defendant **Joseph P. Lopinto III** ("Lopinto") is the Sheriff of Jefferson Parish ("Sheriff"). He is responsible for the operations, supervision, and policies of the JPSO. He employed John Does. He is sued in his official capacity.

7. Defendant Louisiana Department of Public Safety and Corrections, Office of State Police, who at all relevant times employed Defendant Dowdle and are responsible for the operations, supervision, and policies of the LSP and conduct of Defendant Dowdle.

## FACTUAL ALLEGATIONS

8. This case arises out of an excessive use of force by Dowdle and Doe Defendants upon Plaintiff Huey G Clark, an elderly, disabled man. John Does are believed to be correctional deputies and employees of Defendant Joseph P. Lopinto III, the Jefferson Parish Sheriff (the "Sheriff") at the time of the battery.

9. On the morning of May 13, 2022, Mr. Clark was held as an inmate at the Jefferson Parish Correctional Center, which is operated by JPSO and Defendant Sheriff, wherein Mr. Clark had been kept in a holding cell on suspicion of a first offense DWI under R.S. 14:98(A)& 14:98.1(A)(1).

10. Upon arrival at the Jefferson Parish Correctional Center, Mr. Clark refused a chemical breath test. Upon refusal, Dowdle and the John Does became visibly upset and shouted obscenities to Mr. Clark.

11. Thereafter, a DWI search warrant was then written and approved by the Honorable Commissioner P. Schenider to perform a blood draw.

12. Upon arrival of the Gretna EMT, without requesting Mr. Clark ambulate himself out of the cell, Dowdle and the John Does grabbed Mr. Clark by his surgically repaired leg and dragged him to another room for the blood draw. During this time, Dowdle and the John Does repeatedly and unnecessarily punched and kicked Mr. Clark. Mr. Clark informed Dowdle and the John Does of his surgically repaired leg, and John Doe #1 said, "I will break your fucking leg."

13. After dragging and punching and kicking Mr. Clark, Dowdle and the John Does forcibly placed Mr. Clark in chair for an EMT to perform a blood draw. During the blood draw, Dowdle and the John Does continued to punch and kick the elderly Mr. Clark and unreasonably strapped Mr. Clark to the chair using a restraining device. Even after the restrains were in place, Dowdle and the John Does continued to punch and kick Mr. Clark unnecessarily.

14. Dowdle and the John Does knew that there was no lawful justification for punching, kicking and strapping Mr. Clark to a chair because Mr. Clark as an elderly, disabled man was not a danger to himself or others and was not resisting as evident by the fact that no such charges were filed against Mr. Clark.

15. Further, upon information and belief, Dowdle and the John Does are experienced officers and knew that Mr. Clark was not resisting in any way and their conduct was excessive.

16. After the attack, Mr. Clark had bruising and cuts all over his body and had a deep laceration on his chin that has still not healed properly to date.

17. Further, upon information and belief, Mr. Clark suffered a mild heart attack as a result of the attack and spent several days in a hospital room at Ochsner Medical Center on Jefferson Highway.

18. While at Ochsner, Mr. Clark was treated for a variety of injuries but notably was not treated for hand or knuckle injuries with further show that Mr. Clark was not resisting at the time of this attack.

19. Moreover, Mr. Clark was humiliated and emotionally shaken. He felt like Dowdle and the John Does had treated him like a punching bag.

20. Dowdle and the John Does all knew that punching and kicking Mr. Clark in this manner was an illegal use of force, violating both his rights and JPSO and LSP policy.

21. After Mr. Clark was kicked and punched, neither Dowdle nor the John Does summoned any medical attention for Mr. Clark's substantial injuries.

22. After the attack, Dowdle and the John Does returned Mr. Clark to the cell where he was detained for several hours before processing with no medical attention.

## CLAIMS FOR RELIEF

**Count One – Violation of Due Process Pursuant to 42 U.S.C. § 1983**
**(Against Defendants Nicholas Dowdle and John Doe #1, John Doe #2, and John Doe #3)**

23. Plaintiff incorporates all preceding paragraphs into this Count as if copied herein *in extenso*.

24. The Due Process Clause of the Fourteenth Amendment is violated when a "pretrial detainee" is subjected to the "use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).

25. In this matter, Dowdle and the John Does purposely and knowingly used objectively unreasonable force against Mr. Clark because Dowdle and the John Does knew that Mr. Clark was not a threat to himself or others and was not resisting at the time Mr. Clark was repeatedly punched and kicked.

26. In fact, Dowdle and the John Does punched and kicked Mr. Clark because they were upset that Mr. Clark refused a chemical breath test.

27. Due to Dowdle and the John Does' unlawful actions, Mr. Clark suffered significant physical harm, mental anguish, humiliation, degradation, and emotional pain and suffering, and other grievous and continuing injuries.

28. By depriving Ms. Clark of his right to be free from excessive force, Dowdle and the John Does violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution. As Dowdle and the John Does were acting under the color of state law, Plaintiff's claims are actionable under 42 U.S.C. § 1983.

**Count Two – Violations of the Louisiana Constitution**
**(Against Defendants Nicholas Dowdle and John Doe #1, John Doe #2, and John Doe #3)**

29. Plaintiff incorporates all preceding paragraphs into this Count as if copied herein in extenso.

30. Defendants also violated all state law constitutional equivalents of the federal constitutional rights they are alleged to have violated under the facts above.

31. For instance, Article One, Section Two of the Louisiana Constitution guarantees that "[n]o person shall be deprived of life, liberty, or property, except by due process of law."

5

32. Section Seven guarantees that "[n]o law shall curtail or restrain the freedom of speech…"

33. Section Nine guarantees the right to "petition government for a redress of grievances."

34. By reason of the same conduct that violated Mr. Clark's federal constitutional rights, Defendants Dowdle and the Does violated each of these constitutional rights to free speech, redress of grievances, and due process.

35. This conduct resulted in Mr. Clark's emotional, and pecuniary damages as described above and below.

### Count Three – Battery
**(Against Defendants Nicholas Dowdle and John Doe #1, John Doe #2, and John Doe #3)**

36. Plaintiff incorporates all preceding paragraphs into this Count as if copied herein *in extenso*.

37. Dowdle and the John Does battered Mr. Clark by causing harmful and offensive contact upon him.

38. Dowdle and the John Does did so by punching and kicking Mr. Clark without legal justification.

39. Dowdle and the John Does all intended their acts to cause Mr. Clark to suffer the harmful and offensive contact.

40. Mr. Clark suffered physical and emotional damages from the battery he sustained.

### Count Four – State Law Negligence
**(Against Defendants Nicholas Dowdle and John Doe #1, John Doe #2, and John Doe #3)**

41. Plaintiff incorporates all preceding paragraphs into this Count as if copied herein *in extenso*.

42. Dowdle and the John Does conduct described above caused Mr. Clark harm as described above and below.

43. Due to their professional roles as jailers and police officers, Dowdle and the John Does owed duties to not inflict harm upon persons in their custody without legal justification.

44. These duties were breached by Dowdle and the John Does' acts and omissions.

45. The risks and harms Dowdle and the John Does caused were within the scope of protection afforded by the duties they owed to Mr. Clark.

46. As a result of Dowdle and the John Does' acts and omissions, Mr. Clark suffered actual and foreseeable harm.

### Count Five – *Respondeat Superior* and failure to supervise and train
### (Against Joseph P. Lopinto III and LSP)

47. Plaintiff incorporates all preceding paragraphs into this Count as if copied herein *in extenso*.

48. While committing the misconduct alleged in the preceding paragraphs, the John Does were employees and agents of Defendant Joseph P. Lopinto III in his capacity as the Sheriff of Jefferson Parish, and Dowdle employed by Defendant LSP, and such individuals were acting within the scope of their employment.

49. Defendant Joseph P. Lopinto III and LSP failed to properly supervise and/or train the individual Defendants in their duties related to the procedures of forced blood draws and transfer of individuals within their custody.

50. Therefore, Defendants Joseph P. Lopinto III and LSP are liable as a principal for all state law torts (Counts II and III) committed by his agents.

### Count Six – Indemnification

51. Louisiana law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable for actions taken in the discharge of their duties that are within the scope of their employment activities.

52. While committing the misconduct alleged in the preceding paragraphs, the John Does were employees and agents of Defendant Joseph P. Lopinto III in his capacity as the Sheriff of Jefferson Parish, and such individuals were acting within the scope of their employment.

53. Therefore, Defendant Joseph P. Lopinto III in his official capacity is obligated by Louisiana statute to pay any judgment entered against his employees for state law torts (Counts II and III).

### Count Seven – Failure to Intervene, 42 U.S.C. § 1983

54. Plaintiff incorporates all preceding paragraphs by reference as if fully set forth herein.

55. Bystander liability under 42 U.S.C. § 1983 is applied to officers when the officer knows that a fellow officer is violating an individual's constitutional rights, has a reasonable opportunity to prevent the harm and chooses not to act.

56. During the events described herein, each individual Defendant was aware of and engaged in the constitutional violations but did not intervene to prevent the violation of constitutional rights, even though they had the opportunity and duty to do so as they were all physically present.

57. No individual Defendant intervened, or attempted to intervene, to stop the constitutional violations described herein.

58. The actions of the individual Defendants were the direct and proximate cause of the injuries to Mr. Clark including bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of liberty, and legal expense.

59. As the individual Defendants were acting under the color of state law, Mr. Clark's claims are actionable under 42 U.S.C. § 1983.

60. The Defendants' actions were undertaken with malice and with reckless disregard for Mr. Clark's rights.

### Jury Demand

61. Plaintiff Clark respectfully requests a trial by jury.

### RELIEF REQUESTED

62. Wherefore Plaintiff requests judgment be entered against Defendants and that the Court grant the following:

   a. Judgment against Defendants for Plaintiff's asserted causes of action;
   b. Award of compensatory damages;
   c. Award of special damages;
   d. Award of punitive damages;
   e. Award costs and attorney's fees pursuant to 42 U.S.C. § 1988; and
   f. Order such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

63. Plaintiff states any and all other causes of action that may become known through a trial of this matter on its merits against any and all other parties which are herein named or which may be added later, and requests any and all other damages or remedies which this Court may seem equitable.

64. Plaintiff reserves the right to notice of defect to this pleading and reserve the right to amend or supplement this Petition after discovery of any additional fact, law or claim, the amendment of which to be performed by the filing of any subsequent pleading.

Respectfully submitted:

*/s/ Kenneth C. Bordes*
KENNETH C. BORDES
**KENNETH C. BORDES,
ATTORNEY AT LAW, LLC**
4224 CANAL STREET
NEW ORLEANS, LOUISIANA 70119
TEL:    (504) 588-2700
FAX:    (504) 708-1717
KCB@KENNETHBORDES.COM
*Attorney for Plaintiff, Huey G. Clark*

10